NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STANLEY JARKA, *et al.*, | : | |
| Plaintiffs, | : | Civil Action No. 13-1912 (BRM)(TJB) |
| v. | : | |
| | : | **OPINION** |
| WILLIAM HOLLAND A/K/A WILLIAM MAURICE HOLLAND, JR. and D.M. BOWMAN, INC., | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are (1) Defendants William Holland a/k/a William Maurice Holland ("Holland") and D.M. Bowman, Inc.'s ("Bowman") (together, "Defendants") Motion for Partial Summary Judgment (ECF No. 40), (2) Defendants' Motion in Limine (ECF No. 41), (3) Plaintiffs Stanley Jarka, Crystal Jarka, Shina De Shong, and Lauren Dunham's ("Plaintiffs") Cross-Motion to Amend the Complaint (ECF No. 43), and (4) Plaintiffs' Motion in Limine (ECF No. 42). Plaintiffs oppose both of Defendants' motions (ECF Nos. 43 and 44), and Defendants oppose Plaintiffs' Motion in Limine (ECF No. 45). Having reviewed the parties' submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Motion for Partial Summary Judgment is **DENIED**, Defendants' Motion to Amend is **GRANTED**, Defendants' Motion in Limine is **DENIED** in part and **DENIED WITHOUT PREJUDICE** in part, and Plaintiffs' Motion is Limine is **DENIED WITHOUT PREJUDICE**.

1

I.    BACKGROUND

This personal injury lawsuit arises from the collision of a tractor trailer and a New Jersey Transit ("NJT") train that occurred on November 12, 2012 (the "Accident"). (Ds.' Statement of Undisputed Material Facts in Supp. of its Mot. for Summ. J. (ECF No. 40-4) ¶ 8); Pl.'s Resp. to Ds.' Statement of Material Facts (ECF No. 43-2) ¶ 8.) All of the Plaintiffs were NJT employees and were on the train at the time of the Accident, with the exception of Crystal Jarka, who is the spouse of Stanley Jarka. (Compl. (ECF No. 1) ¶ 11.) Holland was operating the tractor trailer, which Bowman owned, in the scope of his employment as an agent of Bowman. (ECF No. 40-4 ¶ 7; ECF No. 43-2 ¶ 7.) Holland was lost on his way to making a delivery. (ECF No. 40-4 ¶¶ 9-10; ECF No. 43-2 ¶¶ 9-10.) Holland asked a pedestrian for directions, and the pedestrian told him to go to the end of the street and make a right. (ECF No. 40-4 ¶¶ 14-16; ECF No. 43-2 ¶¶ 14-16.)[1] Holland followed the pedestrian's directions and made a right turn at an intersection, and his tires became stuck on the railroad tracks. (ECF No. 40-4 ¶ 18; ECF No. 43-2 ¶ 18.)[2]

A person who was stopped at the crossing called the police to tell them Holland's truck was stuck on the tracks, and the dispatcher at the Somerset County Communication Center confirmed that a passerby called 911 to report a truck on the tracks. (ECF No. 40-4 ¶¶ 20, 22); (ECF No. 43-2 ¶¶ 20, 22.) Before the Accident, there were no defects with the truck and its gears

---

[1] Plaintiffs do not dispute these facts but contend Holland violated Bowman's rules by asking a pedestrian for directions instead of contacting Bowman for directions and instructions how to proceed safely. (ECF No. 43-2 ¶¶ 14-16.)

[2] Plaintiffs do not dispute this fact but contend Bowman never trained Holland on making turns at railroad crossings or on procedures to follow if his truck became stuck on railroad tracks. (ECF No. 43-2 ¶ 18.) Plaintiffs further Holland did not call NJT to warn he was stuck on the tracks, despite a sign instructing motorists to call a toll-free NJT number in an emergency. (*Id.*)

and brakes were working properly. (ECF No. 40-4 ¶¶ 25-26); (ECF No. 43-2 ¶¶ 25-26.)[3] The train collided with the truck, which Plaintiffs alleged caused them to suffer serious and permanent injury. (ECF No. 1 ¶ 14.)

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party will bear the

---

[3] Plaintiffs do not dispute this fact by contend Bowman never properly trained Holland in "using the inter axle differential lock," a procedure Plaintiffs maintain would have allowed Holland to extricate himself from the tracks. (ECF No. 43-2 ¶ 26.)

3

burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331. On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

B. Motion to Amend

Amendments of pleadings are governed by Federal Rules of Civil Procedure 15 and 16. A motion to amend a pleading that is filed before the deadline for amendments of pleadings has passed in a Rule 16 Scheduling Order will be governed by Federal Rule of Civil Procedure 15(a) only. Pursuant to Rule 15(a): "[A] party may amend its pleading only with the opposing party's written consent or the courts leave. The court should freely give leave when justice so requires."

"The grant or denial of leave to amend is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a liberal approach under to the amendment of pleadings Rule 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted. *Foman v. Davis*, 371 U.S. 178 (1962). Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

III. DECISION

A. Defendants' Motion for Partial Summary Judgment and Plaintiffs' Cross-Motion to Amend the Complaint

Defendants argue they entitled to partial summary judgment as to (1) any claims of direct corporate liability of Bowman, and (2) any claims for punitive damages against Defendants. (Ds.' Br. in Supp. of Mot. for Summ. J. (ECF No. 40-2) at 1-2.) Plaintiffs do not dispute Defendants' arguments about the deficiencies in the Complaint, but they argue Defendants' Motion for Partial Summary Judgment should be construed as a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12. (Pl.'s Br. in Opp. to Ds.' Mot. for Summ. J. (ECF No. 43-1) at 2.) Plaintiffs point out that, had Defendants filed a Rule 12 motion, Plaintiffs would have the automatic right to amend their Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (*Id.*)

The Court agrees with Plaintiffs' characterization of Defendants' Motion for Partial Summary Judgment. Defendants' arguments in support of their motion are confined to deficiencies in Plaintiffs' Complaint. (ECF No. 40-2 at 1-2.) The fact that Defendants titled their motion one for partial summary judgment is of no moment. "[T]he function of the motion, and not the caption, dictates which [Federal] Rule [of Civil Procedure] is applicable." *United States v. Fiorelli*, 337 F.3d 282, 287-88 (3d Cir. 2003) (citing *Perez v. Cucci*, 932 F.2d 1058, 1061 n.10 (3d Cir. 1991); *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)).

Plaintiffs contend discovery has yielded facts to support both their claims for direct corporate liability against Bowman and for punitive damages. As to the claims for direct corporate liability, Plaintiffs claim the undisputed evidence demonstrates Bowman failed to train Holland in what procedures to follow in the event his truck became stuck on railroad tracks. (ECF No. 43-1 at 3.) Plaintiffs further argue Bowman's failure to instruct its drivers regarding procedures to follow when a truck becomes stuck on railroad tracks is not merely negligent, but willful, wanton, and reckless conduct that supports a claim for punitive damages.[4] (*Id.* at 3-4.)

To determine whether to grant leave to amend, courts consider factors the Supreme Court proffered in *Foman*, 371 U.S. at 178. *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). Among the factors courts consider are "undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing

---

[4] Under New Jersey law, claims for punitive damages must be supported by clear and convincing evidence that the defendant's acts or omissions "were actuated by actual malice or accompanied by a wanton and willful disregard" of the safety of others. N.J.S.A. § 2a:15-5.12.

party; and futility." *Id.* (citing *Foman*, 371 U.S. at 182; *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)). Here, the Court finds none of the factors are present and, indeed, Defendants have not argued any *Foman* factors apply.

The Court finds Defendants' Motion for Partial Summary Judgment is properly construed as a motion to dismiss, and the motion is **DENIED**. Plaintiffs' Cross-Motion to Amend is **GRANTED**.

### B. Defendants' Motion in Limine

Defendants seek to limit the expert opinion of Plaintiffs' expert, George Gavalla. (Ds.' Br. in Supp. of the Mot. in Limine (ECF No. 41-2).)

#### 1. Mr. Gavalla's Qualifications

Federal Rule of Evidence 702 governs the admissibility of expert testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588 (1993). The Third Circuit has held "Rule 702 embodies three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 80 (3d Cir. 2017) (quoting *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717 (3d Cir. 1994))).

> First, the witness must be qualified to testify as an expert. Qualification requires that the witness possess specialized expertise. We have interpreted this requirement liberally, holding that a broad range of knowledge, skills, and training qualify an expert as such. Second, the testimony must be reliable. In other words, the expert's opinion must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation; the expert must have good grounds for his or her belief. An assessment of the reliability of scientific evidence under Rule 702 requires a determination as to its scientific validity. Third, the expert testimony must fit, meaning the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact.

*Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003) (quotations and

citations omitted).

Here, Defendants do not address all of the *Daubert* factors and instead focus only on Mr. Gavalla's qualifications. The Third Circuit has held the standard for an expert's qualifications is a liberal one. *Calhoun*, 350 F.3d at 321; *see also Elcock*, 233 F.3d at 742. "For a court to qualify a witness to testify as an expert, Rule 702 requires the witness to have 'specialized knowledge' regarding the areas of testimony." *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998). The expert can base his or her specialized knowledge on practical experience or formal training. *Id.* The Third Circuit has stated the qualification standard is liberal, though "at a minimum, a proffered expert witness . . . must possess skill or knowledge greater than the average layman." *Id.* (quoting *Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110, 114 (3d Cir. 1987)).

Defendants contend Mr. Gavalla's area of expertise is railways, not trucking, but his expert report offers opinions on trucking and truck driving. (ECF No. 41-2 at 4.) Defendants claim none of Mr. Gavalla's education, training, and experience bears on trucking or truck driving. (*Id.* at 5.) They point out Mr. Gavalla identified himself as a railway safety expert, but has never had a commercial driver's license and has never been employed by a trucking company. (*Id.* at 6.)

Plaintiffs argue Mr. Gavalla is qualified to offer expert testimony regarding trucking and truck driving in the context of the Accident. (Pls.' Br. in Opp. to Ds.' Mot. in Limine (ECF No. 44) ¶¶ 1, 6-7.) Mr. Gavalla has served as an employee in Conrail's signal department. (*Id.* ¶ 1.) He was a representative for the Brotherhood of Railroad Signalmen and testified before the Connecticut General Assembly Transportation Committee regarding state regulations governing the maintenance and testing of railroad crossing warning devices. (*Id.*) Defendants also claim Mr. Gavalla has investigated numerous train accidents involving highway-rail grade crossings systems. (*Id.* ¶ 7.)

The Court finds Mr. Gavalla satisfies the qualifications criterion. Mr. Gavalla has over four decades of experience related to railroad crossing safety and accidents. The Third Circuit has held the specialized knowledge requirement should be interpreted liberally. *Elcock*, 233 F.3d at 741. Here, Mr. Gavalla's knowledge of the nature of railroad crossing accidents would be greater than that of the average layman. *Id.* (citing *Waldorf*, 142 F.3d at 625.) Given his expertise in railroad crossing safety, he is qualified to testify as to "the [D]efendants' duties at grade crossings, the reasons those duties exist, and how the [D]efendants breached those duties in this [A]ccident." (ECF No. 44 ¶ 8.)[5]

### 2. Defendants' Other Arguments for Limiting Mr. Gavalla's Testimony

In addition to challenging Mr. Gavalla's qualifications, Defendants seek to limit his testimony in several respects. Defendants argue: Mr. Gavalla should be precluding from (1) creating a factual narrative; (2) speculating as to Defendants' state of mind, particularly whether Defendants "ignored" various safety requirements and practices; (3) offering testimony that is irrelevant and unfairly prejudicial; (4) offering testimony that is a conduit to present hearsay and other inadmissible evidence; (5) offering legal conclusions; and (6) presenting testimony that is merely conclusory. The Court finds it would be premature to resolve these disputes at this point. *See MSKP Oak Grove, LLC v. Venuto*, No. 10-6465, 2017 WL 1807562, *3 (D.N.J. May 5, 2017) (citing *Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002) (declining to decide issues in a motion in limine when "the context of the trial" would clarify those issues)). Here, it would be premature to determine the admissibility of particular aspects of Mr. Gavalla's expert report and testimony. *See Sperling v. Hoffman-LaRoche, Inc.*, 924 F. Supp. 1396, 1413 (D.N.J. 1996) ("[I]t is difficult to rule on the admissibility of pieces of evidence prior to trial. It is

---

[5] This decision does not preclude Defendants from cross-examining Mr. Gavalla at trial regarding his qualifications.

9

often useful to wait and see how the trial unfolds."); *MSKP Oak Grove, LLC*, 2017 WL 1807562 at *4.

Therefore, Defendants' Motion in Limine is **DENIED** as to the issue of Mr. Gavalla's qualifications to testify regarding trucking and truck driving and **DENIED WITHOUT PREJUDICE** as to the remaining issues Defendants raised in their motion. Defendants may raise those arguments at trial.

### C. Plaintiffs' Motion in Limine

Plaintiffs seek to preclude Defendants from introducing evidence in five categories: (1) collateral source evidence pertaining to Plaintiffs' receipt of or eligibility for monthly benefits from the United States Railroad Retirement Board; (2) evidence related to surveillance of Plaintiffs; (3) the use of any undisclosed witnesses; (4) the use of any supplemental expert reports; and (5) information concerning Plaintiffs' eligibility to qualify for Railroad Retirement Board pension benefits at age sixty, or at other ages depending on years of service. (ECF No. 42 at 1-4.) In *Doyle v. N.J. Transit Rail Operations, Inc.*, No. 04-5209, 2008 WL 4755735, *1 (D.N.J. Oct. 29, 2008), this Court decided a motion in limine substantially similar to Plaintiffs' motion. The Court's decision here is consistent with the findings in that case.

First, Defendants may not directly introduce collateral source evidence. *Reed v. Philadelphia, Bethlehem & N. England R.R. Co.*, 939 F.2d 128, 134 (3d Cir. 1991). However, Defendants may introduce collateral source to impeach Plaintiffs if, for example, Plaintiffs testify financial hardship led them to return to work prematurely. *Doyle*, 2008 WL 4755735 at *2; *see also Coney v. NPR, Inc.*, No. 03–1324, 2006 WL 2583581, at *2 (E.D.Pa. Aug.31, 2006); *Kotler v. Nat'l R.R. Passenger Corp.*, 954 A.2d 514 (N.J. Super. Ct. App.Div.2008) ("[T]he federal courts have permitted inquiry into collateral source benefits when the plaintiff makes specific reference to collateral source payments on direct examination . . . on matters affecting the credibility of the

witness."). "Because the admissibility of this evidence depends upon the substance of [Plaintiffs'] testimony at trial, the Court reserves final decision on this issue until, or should it arise at, trial." *Id.*

As to the second, third, and fourth categories of evidence Plaintiffs seek to exclude (surveillance of Plaintiffs, the use of undisclosed witnesses, and the use of supplemental expert reports), Defendants must abide by the disclosure requirements of Federal Rule of Civil Procedure 26. *Id.* at *3. However, Defendants may introduce the surveillance evidence or additional witnesses for impeachment purposes, which is an issue dependent on specific circumstance and one that must be determined at trial. As for supplemental expert reports, Defendants must comply with Federal Rule of Civil Procedure 26(a)(2).

In summary:

> 1. Defendant[s] may offer evidence concerning [Plaintiffs'] receipt of collateral source benefits for impeachment purposes.
>
> 2. Defendant[s] may offer evidence relating to its ostensive surveillance of [Plaintiffs] for impeachment purposes without pretrial notice. Relatedly, Defendant[s] must disclose all intended witnesses and evidence before trial unless introduced for impeachment purposes.
>
> 3. Should Defendant[s] seek to offer expert testimony, it must comply with the Federal Rules of Civil Procedure concerning pretrial disclosure and preparation.

*Doyle*, 2008 WL 4755735 at *4.

The issue of information concerning Plaintiffs' eligibility to qualify for Railroad Retirement Board pension benefits was not before this Court in *Doyle*. Defendants argue they should be permitted to rebut Plaintiffs' expert's calculation of a retirement age of sixty-seven by introducing evidence that Plaintiffs were eligible for pensions at age sixty with thirty years of service. (ECF No. 45 at 9.) Again, the Court finds the admissibility of that evidence is best

11

determined at trial. *See Ebenhoech*, 239 F. Supp. 2d at 461. Therefore, Plaintiffs' Motion in Limine is **DENIED WITHOUT PREJUDICE**. The parties may renew their arguments regarding the admissibility of this evidence in the event the issue arises at trial.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment (ECF No. 40) is **DENIED**; Plaintiffs' Cross-Motion to Amend (ECF No. 43) is **GRANTED**; Defendants' Motion in Limine (ECF No. 41) is **DENIED** in part as to the issue of Mr. Gavalla's qualifications to testify regarding trucking and truck driving and **DENIED WITHOUT PREJUDICE** as to the remaining issues; and Plaintiffs' Motion is Limine (ECF No. 42) is **DENIED WITHOUT PREJUDICE**. An appropriate Order will follow.

**Date: August 30, 2018**          */s/ Brian R. Martinotti*
                                   **HON. BRIAN R. MARTINOTTI**
                                   **UNITED STATES DISTRICT JUDGE**